FILED
2026 Apr-22  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID HEATH GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:26-cv-00243-MHH-JHE |
| | ) | |
| HOOVER CITY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff David Heath Griffin filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), along with an application to proceed *in forma pauperis*.  (Docs. 1, 2).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint is before the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).  As explained below, the undersigned recommends the court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) based on Mr. Griffin's failure to comply with a court order.

**I.  Analysis**

On February 17, 2026, the undersigned denied Mr. Griffin's application to proceed *in forma pauperis* because it was not accompanied by a certified copy of his jail or prison account statements for the last six months.  (Doc. 4).  The undersigned ordered Mr. Griffin to file a new application to proceed *in forma pauperis* within 30 days and attach a certified copy of his jail or prison account statements for the last six months.  (Doc. 4).

On March 12, 2026, Mr. Griffin filed a second application to proceed *in forma pauperis*, but the application did not include a certified copy of jail or prison account statements for the last six months.  (Doc. 5).  Instead, attached to Mr. Griffin's application was an uncertified transaction

report dating back to November 2025. (Doc. 5 at 5–7). Mr. Griffin stated that he requested that Tuscaloosa County Jail—where he was previously incarcerated—submit information for two months of the six-month period. (Doc. 5 at 3).

Because Mr. Griffin's second application did not include a certified copy of his jail or prison account statements for the last six months, the undersigned denied the application and ordered Mr. Griffin to file a new application to proceed *in forma pauperis* within 21 days and attach a certified copy of his jail or prison account statements for the last six months. (Doc. 6 at 1–2). The undersigned advised Mr. Griffin that if he could not obtain information from the Tuscaloosa County Jail, a certified copy of his prison account statements from the Alabama Department of Corrections since his incarceration would suffice. (Doc. 6 at 2).

More than 21 days have elapsed, and Mr. Griffin has not complied with or otherwise responded to the order. Accordingly, the undersigned recommends the court dismiss this action based on Mr. Griffin's failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

## II. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) based on Mr. Griffin's failure to comply with a court order.

## III. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation

has not addressed.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order.  Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice.  11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations.  The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may appeal only from a final judgment entered by a District Judge.

DONE this 22nd day of April, 2026.

 

_____

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

3